IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John T. Taff, | C/A No. 0:14-294-JFA-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden John Pate; Major Walter Worrick; Lt. Richard Jenkins; Sgt. Sexton; in their individual and official capacity, | |
| Defendants. | |

The plaintiff, John T. Taff ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC. Plaintiff is an inmate at Allendale Correctional Institution, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without the issuance and service of process.

**I.      Factual and Procedural Background**

Plaintiff alleges an excessive use of force by Sgt. Sexton ("Sexton") on January 9, 2014, causing injury to Plaintiff's shoulder. (ECF No. 1 at 3.) Plaintiff requested medical attention, but claims that he did not receive treatment until January 15, 2014. (Id.) Plaintiff states that two different pain medications provided "are not working" and he received medical attention a second time on January 22, 2014. (Id. at 4.) Plaintiff purportedly made written requests to Warden John Pate ("Pate"), Major Walter Worrick ("Worrick"), and Lt. Richard Jenkins ("Jenkins") regarding the lack of medical care and continued threats by Sexton. (Id. at 3.) Pate allegedly responded by

indicating that he considered the matter closed because Plaintiff refused medical treatment. (Id. at 4.) However, Plaintiff denies refusing medical care. (Id.) Plaintiff asserts that Worrick and Jenkins have not properly responded to his written complaints and Plaintiff believes that Sexton confiscated at least one request form submitted to Worrick. (Id.)

Plaintiff states that he filed a prison grievance regarding the matters raised in this Complaint on January 10, 2014. (Id. at 2.) A copy of the Step 1 grievance indicates that it was forwarded to the Divisions of Investigation for further review on January 14, 2014. (ECF No. 19-1 at 1.) Plaintiff further states that photographs were taken of his shoulder on January 16, 2014, and that he met with an investigator about the alleged excessive force incident on January 22, 2014. (ECF No. 1 at 4.) Plaintiff, who seeks monetary damages, alleges that he continues to experience pain in his shoulder and request medical attention. (Id. at 4–5.)

Plaintiff has submitted additional documents since filing the Complaint which indicate that he received shoulder x-rays on April 3, 2014, and additional pain medications on April 10, 2014. (ECF No. 18-2 at 2; ECF No. 19 at 1.) However, Plaintiff asserts that he continues to suffer from extreme shoulder pain. (ECF Nos. 21, 22, 25.) Plaintiff further alleges continued threats by Sexton and an assault by a cell-mate, which Plaintiff believes Sexton initiated. (ECF No. 18-1 at 2.) Plaintiff also asserts harassment by another officer, Lt. Maze, beginning in March. (ECF No. 18-3 at 1.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A,



and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state

law. West v. Atkins, 487 U.S. 42, 48 (1988). In addition, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977).

Although Plaintiff raises cognizable claims in the Complaint, it is clear from the face of the pleading that Plaintiff filed this case prematurely, before fully exhausting the South Carolina Department of Corrections' administrative remedy process. (ECF No. 1 at 2.) The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). A plaintiff's failure to exhaust administrative remedies is considered an affirmative defense, and not a jurisdictional infirmity. Jones v. Bock, 549 U.S. 199 (2007). However, if the lack of exhaustion is apparent from the face of the prisoner's complaint, see Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005); see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655–56 (4th Cir. 2006), *sua sponte* dismissal prior to service of the complaint is appropriate. In the present action, Plaintiff alleges an unlawful use of force on January 9, 2014, for which he filed a grievance on January 10, 2014. (ECF No. 1 at 2–3.) Plaintiff signed the instant Complaint on January 17, 2014. (Id. at 5.) Thus, it is clear from the face of the pleading that Plaintiff submitted the instant case prior to exhaustion of his administrative remedies.

PJG

The Complaint, and documents filed subsequent thereto, allege Plaintiff's continued pain from his shoulder injury and continued verbal harassment and threats by Sexton. However, a "plaintiff's failure to exhaust is not excused by his allegation that his is under threat of imminent danger." See Duckett v. Fuller, C/A No. 6:13-1079-JMC, 2013 WL 6181417, at *3 (D.S.C. Nov. 22, 2013) (citing Yisrael v. Whitener, C/A No. 3:13-469-FDW, 2013 WL 4784111, at *2 (W.D.N.C. Sept. 6, 2013)); see also Reynolds v. Stouffer, C/A No. DKC-13-824, 2014 WL 576299, at *4 (D. Md. Feb. 11, 2014) (PLRA does not contain an "imminent danger" exception to exhaustion) (collecting cases). Thus, the case is subject to summary dismissal for lack of exhaustion.

### III. Conclusion and Recommendation

For the foregoing reasons, it is recommended that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 13, 2014
Columbia, South Carolina

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).