UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John T. Taff, ) | C/A No.  0:14-294-JFA-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| Warden John Pate; Major Walter Worrick; ) | |
| Lt. Richard Jenkins; Sgt. Sexton; in their ) | |
| individual and official capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, John Taff, is an inmate with the South Carolina Department of Corrections.  He brings this action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights by using excessive force on him and failing to provide him with proper medical care.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the plaintiff has failed to exhaust his administrative remedies and that his case was filed prematurely.  The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

1

The plaintiff was notified of his right to file objections to the Report and Recommendation, however he has failed to do so and the time has now expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Magistrate Judge properly notes in her Report that prisoners must exhaust their administrative remedies *prior to* filing a § 1983 suit in federal court. *See* 42 U.S.C. § 1997e(a), *Booth v. Churner*, 532 U.S. 731, 741 (2001); and *Porter v. Nussle*, 534 U.S. 516 (2002). The Magistrate Judge indicates that it is clear from the pleading that the plaintiff has not exhausted his remedies. Thus, the Magistrate Judge suggests dismissal of this action.

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is adopted and incorporated herein by reference.

Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

July 14, 2014                                         Joseph F. Anderson, Jr.
Columbia, South Carolina                              United States District Judge